JOHNATHAN M. LEAVITT, ESQ.
Nevada Bar No. 13172
RICHARD HARRIS LAW FIRM
801 South 4th Street
Las Vegas, Nevada  89101
Telephone:     (702) 444-4444
Facsimile:      (702) 444-4445
E-mail: jleavitt@richardharrislaw.com
*Attorney for Plaintiffs/Counter-Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAYCHA HARRIS, as Parent and Legal Guardian of J.P., a minor,<br><br>Plaintiffs,<br>vs.<br><br>GLENN ALLEN TATRO, individually; GLEN-RO LLC, a foreign limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>GLENN ALLEN TATRO, individually; GLEN-RO LLC, a foreign limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants/Counter-Claimants,<br>vs.<br><br>KAYCHA HARRIS, as Parent and Legal Guardian of J.P., a minor,<br><br>Plaintiffs/Counter-Defendants. | Case No.  2:19-cv-00730-GMN-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY AND EXPERT DISCLOSURE DEADLINES**<br><br>**(SECOND REQUEST)** |

Pursuant to LR 6-1 and LR 26-4, Plaintiff KAYCHA HARRIS, as Parent and Legal Guardian of J.P., a minor by and through his counsel of record, the Richard Harris Law Firm, Defendants GLENN ALLEN TATRO and GLEN-RO LLC, by and through their attorneys of record, the law firm of Messner Reeves LLP, hereby stipulate and request that this court extend discovery in the above-captioned case as further outlined below. In addition, the parties request that the expert disclosure

deadlines, dispositive motion deadline and pre-trial order deadline be extended for an additional ninety days as outlined herein. In support of this stipulation and request, the parties state as follows:

## I. DISCOVERY COMPLETED TO DATE

1. Both parties have filed their initial disclosure of witnesses and documents, as well as multiple supplements thereto.
2. Defendants served written discovery on Plaintiffs.
3. Plaintiffs served written discovery of Defendants.
4. The deposition of Defendant GLENN A. TATRO, individually and on behalf of the GLEN-RO LLC, has been taken.
5. The deposition of percipient witness Rosemarie Tatro has been taken.
6. The deposition of Plaintiff KAYCHA HARRIS has been taken.
7. The deposition of Plaintiff J.P., a minor, has been taken.
8. The depositions of percipient witnesses SHAWN and CECILIA WALSTRA have been taken.
9. Both parties have subpoenaed medical records, bills and other documents.
10. Experts have been disclosed by both parties.
11. The parties attended a private mediation in a good faith attempt to resolve this case.

## II. WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The underlying matter involves a minor, J.P., who was a ten-year-old pedestrian when the subject incident occurred. He sustained substantial injuries, fracturing his femur and lacerating his spleen. The Plaintiff had hardware placed into his body immediately after his injury. Plaintiff's medical treatment was not yet resolved prior the filing of this action due to his need to have this hardware removed. The parties wanted to wait until after this surgery to attend a private mediation and

attempt to resolve this case. However, due to Covid-19, all non-emergent medical treatment ceased in the state of Nevada, and Plaintiff was unable to schedule his hardware removal surgery. The parties attended mediation anyways, but were unsuccessful in resolve this case due to the speculative future of Plaintiff's medical care needs. It was then decided that the parties would reconvene negotiation attempts after Plaintiff sought additional medical treatment, not only for the hardware removal surgery, but also for eating issues Plaintiff has been experiencing, which he alleges is a result of the underlying incident.

Given the Governor's recent orders reopening the State of Nevada and allowing for medical procedures to move forward, the Plaintiff is now able to schedule the hardware removal surgery and seek additional medical treatment. The parties are requesting that this court continue the discovery deadlines to allow for the additional medical treatment and the possibility of additional depositions of treating physicians, if necessary. Furthermore, this will increase the likelihood that the parties are able to resolve this case, as Plaintiff's remaining medical treatment seems to be the only obstacle to achieving that result.

### III. **DISCOVERY REMAINING**

1. Depositions of treating physicians
2. Written discovery.
3. Acquisition of medical records.
4. Expert disclosures.
5. Expert depositions.
6. Any other discovery the parties deem necessary as the case progresses.

{03776390 / 1}3

### IV.     EXTENSION OR MODIFICATION OF THE DISCOVERY PLAN AND SCHEDULING ORDER

LR 26-4 governs modifications of extensions of the Discovery Plan and Scheduling Order. Any stipulation or motion must be made no later than twenty-one (21) days before the expiration of the subject deadline and comply fully with LR 26-4.

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| ACTIVITY | DATE | PROPOSED DEADLINE |
|---|---|---|
| Amend Pleadings or Add Parties | October 17, 2019 | **Passed** |
| Expert Disclosures Pursuant to Fed.R.Civ.P. 26(a)(2) | February 17, 2019 | **September 17, 2020** |
| Rebuttal Expert Disclosure Pursuant to Fed.R.Civ.P. 26(a)(2) | March 16, 2019 | **October 16, 2020** |
| Discovery Cut-Off Date | April 16, 2020 | **November 16, 2020** |
| Dispositive Motions | May 15, 2020 | **December 15, 2020** |
| Joint Pretrial Order | June 16, 2020 | **January 15, 2021** |

If dispositive motions are filed, the deadline for filing the Joint Pre-Trial Order will be suspended until thirty (30) days after the decision on the dispositive motions or further court order.

This request for an extension of time is not sought for any improper purpose or other purpose of delay. The parties have worked together at moving discovery forward, and counsel for the parties have an amicable relationship that has allowed for cooperation and avoided discovery disputes. However, the facts and circumstances underlying the case, as well as the Covid-19 pandemic, as outlined above, has made the matter more difficult and caused delays not necessarily present in some other cases.

This is the second request for extension of time in this matter. The parties respectfully submit

that the reasons set forth above constitute compelling reasons for the discovery extension.

WHEREFORE, the parties respectfully request that this court extend the discovery period and the other discovery dates as outlined in accordance with the table above.

Dated this 9th day of June, 2020.                    Dated this 9th day of June, 2020.

**RICHARD HARRIS LAW FIRM**                  **MESSNER REEVES LLP**

By:   */s/ Johnathan M. Leavitt, Esq.*              By:   */s/ Lauren D. Calvert, Esq.*
    Richard Harris, Esq.                                      Lauren D. Calvert, Esq.
    Johnathan M. Leavitt, Esq.                           Nevada Bar No. 10534
    801 South 4th Street                                       8945 W. Russell Road, Suite 300
    Las Vegas, NV89101                                       Las Vegas, Nevada 89148
    *Attorneys for Plaintiffs*                                 *Attorney for Defendants*

### **ORDER**

IT IS SO ORDERED this 10th day of June, 2020

_____
UNITED STATES MAGISTRATE JUDGE

IT IS ORDERED that ECF No. 38 is DENIED without prejudice.

IT IS FURTHER ORDERED that the parties may file a subsequent stipulation that seeks a 60 day extension. If discovery cannot safely be completed within this period, the parties may request another extension.

{03776390 / 1}5